Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JESSIE J. JIMÉNEZ RIVERA  Querellante-Recurrente  Vs.  CONSEJO DE TITULARES CONDOMINIO LES JARDINS  Querellada-Recurrida | TA2026RA00167 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor  Querella Núm. C-SAN-2025-0022632  Sobre: Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece la parte recurrente, la señora Jessie J. Jiménez Rivera, por derecho propio. Solicita la revisión de la *Resolución* del 5 de marzo de 2026 emitida por el Departamento de Asuntos del Consumidor (DACo) sobre una deuda reclamada por la parte recurrida, el Consejo de Titulares del Condominio Les Jardins. Visto el contenido del expediente, prescindimos de términos, y de la comparecencia de la parte recurrida. Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Por los fundamentos expuestos en esta sentencia, *desestimamos* el recurso promovido por frívolo. Regla 82(B)(4) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**-I-**

El 5 de noviembre de 2025, la parte recurrente presentó una querella en contra de la parte recurrida. Antes de comenzar la vista adjudicativa, la partes informaron al DACo un acuerdo transaccional sobre el reclamo contenido en la querella. El acuerdo consiste en lo siguiente:

1. La parte Querellante reconoce tener una deuda por concepto de derrama por la cantidad de mil doscientos diecinueve dólares con sesenta y seis centavos ($1,219.66) los cuales continuará pagando con un plan de pago preestablecido entre las partes.

2. Luego de armonizar débitos y créditos, la Querellante reconoce adeudar por concepto de cuotas de mantenimientos, la cantidad de veinte dólares con ochenta centavos ($20.86), sin contar el mes corriente de marzo de 2026, que aun no ha vencido.

3. Una vez la Querellante realice el pago de veinte dólares con ochenta y seis centavos ($20.86) la Querellada deberá hacer entrega de un estado de cuenta en donde refleje la cantidad de mil doscientos diecinueve dólares con sesenta y seis centavos ($1,219.66) por concepto de derrama.

4. La Querellante solicita el cierre y archivo de la querella de epígrafe.

La parte recurrente solicitó reconsideración a la resolución recurrida. La petición fue denegada. Inconforme comparece ante este foro para cuestionar la exigencia del pago de $20.86. Procedemos a disponer del presente recurso sin ulterior trámite o comparecencia. Regla 7(B)(5) del Tribunal de Apelaciones, Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**-II-**

El acuerdo de transacción se rige en nuestro ordenamiento principalmente por lo dispuesto en los Artículos 1497 al 1504 del Código Civil de Puerto Rico, 31 LPRA secs. 10641-10648. El Código Civil define el efecto del contrato de transacción al disponer que,

"mediante concesiones recíprocas, las partes ponen fin a un litigio o a su incertidumbre sobre una relación jurídica". Artículo 1497, Código Civil, 32 LPRA sec. 10641; *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193 (2006); *Igaravidez v. Ricci*, 147 DPR 1, 5 (1998); S. Tamayo Haya, *El Contrato de Transacción*, Madrid, Thomson-Civitas, 2003; L.R. Rivera Rivera, *El contrato de transacción: sus efectos en situaciones de solidaridad*, San Juan, Jurídica Editores, 1998; Q.M. Scaevola, *Código Civil*, Madrid, Reus, 1953, T. XXVIII, pág. 246. Los elementos esenciales en este tipo de estipulación son: (1) una relación jurídica litigiosa, (2) la intención de los contratantes de componer el litigio, es decir, de eliminar las controversias, y (3) recíprocas concesiones de las partes. *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 DPR 860, 870 (1995).

Existen dos clases de contrato de transacción, el judicial y el extrajudicial. *Neca Mortg. Corp. v. A. & W. Dev. S.E.*, *supra*, págs. 870–871. El acuerdo de transacción judicial ocurre luego de comenzado el pleito judicial, y es incorporado al litigio en curso. La transacción judicial, en este caso cuasi judicial, tiene autoridad de cosa juzgada, por tanto, las partes "tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre éstos". *Neca Mortg. Corp. v. A. & W. Dev. S.E.*, *supra*, pág. 872; Artículo 1500, Código Civil, 31 LPRA sec. 10644 ("La transacción produce los efectos de la cosa juzgada"). El contrato de transacción debe interpretarse de forma restrictiva. Artículo 1499, Código Civil, 31 LPRA sec. 10643 ("El contrato de transacción se interpreta restrictivamente"); *Sucn. Román v. Shelga Corp.*, 111 DPR 782, 789 (1981). Toda transacción supone que las partes tienen dudas sobre la validez o corrección jurídica de sus respectivas pretensiones, y optan por resolver la discrepancia mediante mutuas concesiones. *Citibank v. Dependable Ins. Co., Inc.*, 121 DPR 503, 512 (1988); *Sucn. Román v. Shelga Corp.*, 111

DPR 782, 791 (1981).

### -III-

Las estipulaciones a las que llegaron las partes durante el procedimiento administrativo fueron redactadas de forma sucinta y con un lenguaje simple y claro. No dejan dudas sobre la intención de las partes, y la obligación de pago de la parte recurrente sobre la cantidad que ahora cuestiona ante este tribunal. Artículo 354(b), Código Civil, 31 LPRA sec. 6342;[1] *S.L.G. Irizarry v. S.L.G. García*, 155 DPR 713, 725–727 (2001). En *Unisys v. Ramallo Brothers*, 128 DPR 842, 852 (1991), el Tribunal Supremo señaló que el cumplimiento de lo pactado en la transacción está estrechamente vinculado con la buena fe de los contratantes. Véase, Artículo 354(a), Código Civil, 31 LPRA sec. 6342(a).[2] EL tratadista Diez Picazo comenta sobre el punto:

> [Se] considera como un principio que debe regir en toda sociedad civilizada la idea de que los hombres deben poder contar con que aquellos con quienes tratan en el intercambio social actuarán de buena fe y por tanto llevarán a cabo las expectativas razonables que sus promesas o su conducta hayan creado razonablemente en los demás. La obligatoriedad del contrato se funda, pues, de acuerdo con esta idea en una norma ética derivada de la buena fe, que exige no defraudar la confianza que en otro pueda haber creado nuestra promesa o nuestra conducta. En definitiva, se trata de lo que el autor citado denomina la norma ética de veracidad en nuestras comunicaciones con el prójimo, y que ordinariamente se expresa como deber de atenerse a la palabra dada.
>
> L. Díez-Picazo, *Fundamentos del Derecho Civil Patrimonial*, 2da ed., Madrid, Ed. Tecnos, 1983, Vol. I, pág. 99.

El DACo ya adjudicó, vía resolución final la correspondencia entre las reclamaciones y contra reclamaciones entre las partes. La

---

[1] "Si los términos de un negocio jurídico bilateral son claros y no dejan duda sobre la intención de las partes, se estará al sentido literal de sus palabras".

[2] "Se presume que el negocio jurídico se otorga de buena fe".

parte recurrente se allanó al contenido de la transacción antes transcrita. Artículo 1497, Código Civil, 31 LPRA sec. 10641. La transacción acaecida en el foro administrativo tiene autoridad de cosa juzgada, por tanto, las partes "tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre éstos". *Neca Mortg. Corp. v. A. & W. Dev. S.E., supra,* pág. 872. Por tanto, el acuerdo es inmutable y habla por sí solo sobre el asunto traído mediante revisión judicial por la recurrente. *Rodríguez v. Hospital,* 186 DPR 889, 907 (2012). La parte recurrente debe cumplir con su obligación según pactada en el acuerdo transaccional.

El Reglamento del Tribunal de Apelaciones permite la desestimación de un recurso apelativo debido a "que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial". Regla 82(B)(4) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025). Por tanto, procede la desestimación del presente recurso.

### *-IV-*

Por los fundamentos antes expuestos, *desestimamos* el recurso promovido por frívolo. Regla 82(B)(4) de nuestro Reglamento, *supra.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones